# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: K.C. and C.C., Jr.**

**No. 12-1320** (Mingo County 11-JA-12 & 13)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father's appeal, by counsel Ashley Cochran, arises from the Circuit Court of Mingo County, wherein his parental rights were terminated by order entered on October 12, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Diana Carter Wiedel, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 4, 2012, the DHHR received a referral that a domestic disturbance occurred at the home where K.C. and C.C. lived. The children's parents were involved in a domestic altercation. After the altercation, the mother was taken to the hospital and Petitioner Father was bleeding, having been stabbed by the mother. The DHHR went to the home that day, where police were still conducting their investigation, and found drug paraphernalia, trash, dirt, and clutter. The children were walking through blood on the floor of the kitchen. C.C. was crying and K.C. said to the DHHR that "mommy stabbed daddy." There was an empty prescription bottle for ninety pills of hydrocodone that had been filled on March 2, 2012.

On May 21, 2012, the circuit court ordered a post-adjudicatory improvement period for Petitioner Father and the mother that included anger management, substance abuse treatment, and psychological evaluation. The improvement period was for ninety days and a thirty-day extension was ordered on August 20, 2012. On September 24, 2012, a dispositional hearing was held. The court found that Petitioner Father pled to domestic battery charges for the incident on March 4, 2012, and was released from jail in July of 2012. Petitioner Father was found to have participated in a psychological evaluation, as well as anger management and substance abuse rehabilitation while he was incarcerated, but did not participate in any anger management or substance abuse treatment after that time and that his drug screens tested positive for hydrocodone. DHHR recommended terminating his parental rights. In an order entered on October 12, 2012, the circuit court found that Petitioner Father did not fully comply with the terms of the post-adjudicatory improvement period and terminated his parental rights.

1

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996)

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, Petitioner Father argues that his circumstances substantially changed during the improvement period, because he was released from incarceration and, therefore, is entitled to an additional improvement period because his incarceration inhibited his ability to comply with the plan. The DHHR responds that Petitioner Father had two to three months to improve after incarceration and did not take adequate steps to do so and that his incarceration was the only time he did comply with some portions of the improvement plan. Finally, the DHHR noted that petitioner had tested positive to drug screens throughout the improvement period. The guardian agrees that termination of Petitioner Father's parental rights and denying him a post-dispositional improvement period is in the best interest of the children due to the father's lack of improvement during the improvement period.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)" Syl. Pt. 4, in part, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). This Court finds that the circuit court was presented with sufficient evidence upon which it could have found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress

and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

**FILED**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that:

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3